**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jazmin Cortez Gonzalez, | No. CV-16-00352-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Israel Acosta Pena, | |
| Respondent. | |

Petitioner has filed a motion for new trial or to alter or amend pursuant to Rules 59(a) & (e). (Doc. 44.) The motion is fully briefed, and neither party requested oral argument. For the reasons below, the motion is denied.

## **BACKGROUND**

In February 2016, Petitioner Jazmin Gonzalez filed a petition for return of her children to Mexico under the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001 *et seq*. At the time, Petitioner's children were residing in Scottsdale, Arizona with their father, Respondent Israel Pena. On July 5, 2016, the Court held a bench trial and heard testimony from Petitioner; Respondent; Ester Ruiz, psychologist; and Rozalind Wirth, case worker with the Arizona Department of Child Services. When Respondent called upon Ruiz to testify, Petitioner objected, arguing that Ruiz had not been previously disclosed as an expert witness. The Court permitted Ruiz to testify, but stated that it would consider the lack of disclosure in its decision.

On July 8, 2016, the Court issued an order denying the petition. Petitioner now moves for a new trial or, in the alternative, an order amending the Court's order to reflect a ruling on her objection to Ruiz's testimony at the trial.

## MOTION FOR NEW TRIAL

Under Rule 59(a), a new trial may be granted on all or some of the issues "for any reason for which a trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003), but the court "may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice," *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).

At the bench trial, Respondent called Ruiz to testify. Petitioner objected, claiming that Ruiz was not previously disclosed as an expert witness. Respondent argued that Ruiz had been previously disclosed, but that he did not have any opinions or records from her due to the expedited nature of the hearing. The Court permitted Ruiz to testify, but noted that it would take the lack of disclosure into its decision. The Court also ordered that Ruiz immediately produce her treatment notes to Petitioner. Petitioner argues the Court should not have permitted Ruiz to testify at the hearing because her testimony was hearsay. (Doc. 44 at 6.) She also claims that Respondent's failure to disclose Ruiz as an expert witness and her treatment notes caused her prejudice. The Court disagrees.

First, Ruiz's testimony was not hearsay. It was admissible under Fed. R. Evid. 803(4), which excepts statements made for medical diagnosis or treatment from the hearsay rule. At trial, Petitioner argued the evidence was hearsay because Respondent did not disclose Ruiz's testimony. But these are two different issues, and Respondent laid a foundation for Ruiz's testimony at trial. Even now, Petitioner does not argue that the statements do not fall within the hearsay exception.

Second, Respondent disclosed Ruiz as a witness. On May 25, 2016, Respondent

filed his first supplemental disclosure listing Ruiz as a witness. On June 13, 2016, Respondent moved for a Court order requiring Ruiz to testify at the hearing. (Doc. 29.) The Court granted the motion on June 24, 2016. Although Ruiz was not listed as an expert, this does not result in any prejudice to Petitioner because Petitioner knew Ruiz was going to be testifying about treating the children. (*See id.*)

Last, the failure to disclose the treatment notes did not prejudice Petitioner, and the Court did not rely on them in its decision. At trial, Respondent represented to the Court that he did not know the specific content of Ruiz's opinion, nor had he even spoke with Ruiz until the day of trial. In addition, although Petitioner knew that Ruiz was going to testify about the treatment of the children, Petitioner did not seek to depose Ruiz or conduct any other discovery. Given the expedited nature of the hearing, the Court permitted Ruiz's testimony and ordered that her treatment notes be disclosed to Petitioner. Petitioner filed no further objections. Ultimately, the Court concluded Ruiz's testimony was relevant and admissible.

Consequently, the Court finds Petitioner has failed to demonstrate any manifest injustice that would require a new trial in this case.

**MOTION TO ALTER OR AMEND**

Rule 59(e) is essentially a motion for reconsideration. *See Carroll v. Nakatani*, 342 F.3d 934, 944 (9th Cir. 2003). It permits the district court to amend a previous order, but is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* at 945 (internal quotation marks omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

Petitioner argues the Court should amend its order to reflect a ruling on her objection to Ruiz's testimony and documents for purposes of appeal. (Doc. 44 at 7.) But the Court did rule on Petitioner's objection at the trial, and the treatment notes were never

admitted into evidence. Nor did the Court rely on them in its decision. The Court permitted Ruiz to testify over Petitioner's objection, but noted that the alleged lack of disclosure would factor into the Court's ultimate decision. At no point did the Court state that it was taking Petitioner's objection under advisement. As such, the Court denies Petitioner's request to alter or amend the judgment.

**IT IS ORDERED** that Petitioner's motion for new trial or to alter or amend, (Doc. 44), is **DENIED**.

Dated this 21st day of October, 2016.

Douglas L. Rayes
United States District Judge